**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1482

UNITED STATES OF AMERICA

v.

EMILIO ZACARIAS-BAMACA,

Appellant

On Appeal from a Final Order of the United States District Court for the District of Delaware:
Honorable Joseph J. Farnan, Jr.
(No. 05-CR-00033)

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2008

Before: AMBRO, FISHER, Circuit Judges, and MICHEL,* Chief Circuit Judge

(Filed: April 21, 2008)

OPINION

MICHEL, Chief Circuit Judge

　　Emilio Zacarias-Bamaca is a citizen of Guatemala. On April 14, 2005, he was indicted in the District of Delaware for illegal re-entry following deportation. On June 30, 2005, he pled

---

*Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

guilty in a written plea agreement, which stated that he had been deported on or about June 19, 2003 and on or about September 24, 2003 and that he was then found in the United States on April 12, 2005 without permission.  A sentencing hearing was held on that same day, in which the judge sentenced him to time served, one year supervised release, and a $100 special assessment.  A special condition of supervised release stated: "Should [Zacarias-Bamaca] re-enter the United States after deportation, such action shall be considered a violation of supervised release."  Zacarias-Bamaca was deported to Guatemala on August 4, 2005.  On December 29, 2005, he was arrested for illegal re-entry in the Southern District of California.  In the case in that district, he was sentenced to thirteen months' imprisonment with a three-year period of supervised release to follow.

    Back in the District of Delaware, the U.S. Probation Office filed a petition to show cause regarding Zacarias-Bamaca's violation of his supervised release in January 2006.  The Probation Officer submitted a sentencing memorandum in which he stated that Zacarias-Bamaca's commission of a new criminal offense was "a Grade B violation" and that the Revocation Table provided for a term of imprisonment of 4 to 10 months.  The Probation Officer recommended that Zararias-Bamaca be sentenced to 10 months of imprisonment with no additional supervised release to follow the term of imprisonment. On January 26, 2007, at the hearing on the petition, Zacarias-Bamaca pled guilty to the violation of his supervised release, and the court sentenced him to ten months' imprisonment.  The court notified Zacarias-Bamaca of his right to appeal and appointed him counsel on that potential appeal.  Zacarias-Bamaca filed a timely notice of appeal.

    Appointed counsel for Zacarias-Bamaca has now filed a motion to withdraw along with a supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Third Circuit Local Appellate Rule 109.2.  On May 30, 2007, the Clerk's Office notified Zacarias-Bamaca of his

right to file a pro se brief in response. No such brief was received.

We need not reach the issues raised in appointed counsel's *Anders* motion, however, because we have been informed that Zacarias-Bamaca has completed his ten month sentence of imprisonment and was deported to Guatemala in January 2008. Because Zacarias-Bamaca has been unconditionally released from criminal confinement and has not alleged any continuing injury from the collateral consequences of his conviction or supervised release violation, his appeal is now moot. *See United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002).

Accordingly, we will DISMISS the present appeal as moot.[**]

---

[**]We note that even if Zacarias-Bamaca's appeal were not moot, we would be inclined to grant appointed counsel's *Anders* motion. The *Anders* brief raises four potentially appealable issues, none of which appear to be non-frivolous. Thus, we also hold under Third Circuit Local Appellate Rule 109.2(b) that the issues in this appeal lack legal merit, and counsel is not required to file a petition for writ of certiorari in the United States Supreme Court.